UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

United States of America,                    )
                              Plaintiff       )
                                              )
        v.                                    )          Case No. 07-cr-40012
                                              )
Kamel Salih Abu Saada,                        )
                              Defendant       )

### REPORT AND RECOMMENDATION

Now before the Court is the motion (Doc. #13) by Defendant to quash his arrest and suppress the physical evidence seized during a search of his truck.  An evidentiary hearing was held before me on December 4, 2007, at which time I heard testimony regarding this matter.  As explained below, I recommend that the Motion be denied.

### FACTS

Based on testimony presented by State Police Sergeant Clint Thulen at the hearing, I make the following factual findings.  Thulen received the following information by radio transmission from State Trooper Strauss.  Strauss had noticed a 1996 Chevrolet pickup truck with Colorado plates driving eastbound on Interstate 80 at what he perceived to be a high rate of speed.  He then observed the driver, who is the Defendant in this case, reduce his speed and turn off the highway, apparently when he spotted the State Police vehicle.  Strauss contacted State Trooper Thulen.

Thulen, who is a canine officer and was driving an unmarked vehicle, saw the truck exit from I-80 and turn into Geneseo.  He followed  it to a gas station/convenience store, where the Defendant stopped at a gas pump.  Thulen pulled in at the other side of the same pump and tried to make small talk with Defendant, but Defendant did not appear to

want to talk.  Thulen noticed several things about the truck, the most important of which was an unusual cover for the bed of the truck:  instead of being fastened to the truck, the cover was sealed down with tape.  Defendant went inside the store to pre-pay for gas.  When he came back outside, Officer Thulen asked him if there was contraband in the truck;  Defendant stated there was not.  Thulen then asked him if he could search the truck.  Defendant first agreed to a search of his truck and then, when Thulen told him he did not have to agree to a search, he rescinded his consent.  Defendant then went inside the store to get his change.

While Defendant was inside the store, Thulen had his dog Rocco walk around the outside of Defendant's truck for a "free air sniff."  The dog gave a signal for the presence of narcotics in the bed of the truck on the passenger side.  Thulen put Rocco back in his vehicle and called for trooper Strauss's return.

When the Defendant returned to his truck, Thulen advised him that he would search the truck.  When he opened the tailgate, he smelled cannabis.  His search revealed nine cellophane wrapped bundles of marijuana weighing approximately 325 pounds in the bed of the truck.  In the cab, he found the rental agreement for the truck, the receipt for the truck-bed cover, and shopping bags containing black duct tape, epoxy glue, bungee cords, green wire, and silicone caulk.  The items in the shopping bags were the same types of products that had been used to tape and seal the truck-bed cover.

Thulen then advised Defendant of his Miranda rights.  He placed the Defendant under arrest and defendant was transported to State Police Headquarters, where he was interrogated and made certain incriminating statements.  He was charged with the offenses in this case.

## FOURTH AMENDMENT

The Fourth Amendment does not prohibit a police officer from approaching an individual in a public place and seeking the individual's cooperation in answering a few questions;   such an encounter is not a 'seizure' within the meaning of the Fourth Amendment.  United States v. Adamson, 441 F.3d 513, 519-20 (7th Cir. 2006);  United States v. Douglass, 467 F.3d 621, 623 (7th Cir. 2006);  United States v. Broomfield, 417 F.3d 654, 655-56 (7th Cir. 2005);  United States v. Childs, 277 F.3d 947, 950 (7th Cir. 2002)(en banc).  So long as the officer is asking questions and not commanding cooperation, there is no seizure unless a reasonable person under those circumstances would not have felt free to leave.  Adamson, 441 F.3d 513;  United States v. Adeyeye, 359 F.3d 457, 461 (7th Cir. 2004).

Nor is  a free air sniff by a drug-detecting dog a "search" within the meaning of the Fourth Amendment.  United States v. Place, 462 U.S. 696, 706-707 (1983)(luggage).  See also, Illinois v. Caballes, 543 U.S. 405, 409-10 (2005)(sniff during valid traffic stop not a search under Fourth Amendment); United States v. Brock, 417 F.3d 692, 695-97 (7th Cir. 2005)(collecting sniff cases and holding that dog sniff inside common area of residence where police were lawfully present but outside defendant's closed bedroom door not a search under Fourth Amendment); United States v. Vasquez, 909 F.2d 235, 238 (7th Cir. 1990)(sniff of garage conducted from public alley not Fourth Amendment search).

A positive alert from such a drug-detecting dog suffices to establish probable cause to believe there are narcotics present.  United States v. Carpenter, 406 F.3d 915, 916 (7th Cir. 2005); United States v. Thomas, 87 F.3d 909, 912 (7th Cir. 1996).  When an officer has probable cause to believe a vehicle contains contraband or evidence, an officer may

3

conduct a warrantless search of that vehicle. <u>California v. Carney</u>, 471 U.S. 386, 390-91 (1985); <u>United States v. Webb</u>, 83 F.3d 913, 916 (7th Cir. 1996);  <u>Carroll v. United States</u>, 267 U.S. 132 (1925).

## DISCUSSION

Defendant's Motion to Suppress alleges that the vehicle search and his arrest were unlawful and that the evidence and any statements must be suppressed.  I disagree.

The initial encounter between Thulen and Defendant was in a public place and involved several conversational attempts.  A reasonable person would have felt free to leave, and in fact, defendant did just that when he walked away from the officer and into the store. There was no seizure or detention at that time.

The free air sniff was conducted in a public place, so that search does not implicate the Fourth Amendment, and once that sniff had produced positive results, the officer had probable cause to search the vehicle, regardless of lack of consent or warrant.  Once the marijuana was located, the officer had probable cause to arrest the Defendant.

## CONCLUSION

I conclude that there was no Fourth Amendment violation in the search or the arrest. I therefore recommend that the Motion to Suppress be denied in its entirety.

ENTER this 11th day of December 2007.

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE

4